**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Melissa N. Thomas,

                     Plaintiff,       Case No. 16-cv-11467

v.                           Judith E. Levy
                                 United States District Judge

Abercrombie & Fitch Co., *et al.*,

                                 Mag. Judge Mona K. Majzoub

                     Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S COMBINED
MOTION TO RECONSIDER ORDER DENYING PLAINTFF'S
MOTION FOR LEAVE TO FILE CORRECTED EXHIBIT AND
<u>FOR RELIEF FROM JUDGMENT [57]</u>**

In response to defendants Abercrombie & Fitch Co. and

Abercrombie & Fitch Stores, Inc.'s motion for summary judgment on her

Telephone Consumer Protection Act ("TCPA") claim, plaintiff Melissa N.

Thomas attempted to use unauthenticated business records from her

cellular service provider, AT&T, to show that she did not send a text

message authorizing future text messages from defendants. Defendants

objected to the admissibility of these records both in their motion for

summary judgment and in their reply to the plaintiff's response. At oral

argument, the Court engaged in a substantial exchange with plaintiff's counsel inquiring how the records could be admitted.

The day after oral argument, plaintiff's counsel filed a motion to submit an affidavit from a representative of her cellular service provider authenticating the business records. The Court denied the motion to submit the affidavit, and granted defendants' motion for summary judgment, as plaintiff could offer no admissible evidence in support of her case, and the uncontroverted evidence warranted the grant of summary judgment. (Dkts. 52 and 53.)

Plaintiff has now filed a combination motion for reconsideration, motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and motion for relief from the judgment under Fed. R. Civ. P. 60(b)(1) and (6). (Dkt. 57.)

## I. Legal Standard

Plaintiff has filed her motion as one for reconsideration under E.D. Mich. Local R. 7.1(h), one to alter or amend the judgment under Fed. R. Civ. P. 59(e), and one for relief under Fed. R. Civ. P. 60(b)(1) and (6). Plaintiff's motion is untimely under Local Rule 7.1(h)(1), which requires that motions for reconsideration be filed within fourteen days after entry

of the judgment or order. The motion was timely filed under Rules 59 and 60.

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). "Parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Rule 60(b)(1) provides relief in one of two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Rule 60(b)(6) permits relief from a judgment or order for "any other reason that justifies relief" not already set forth in subsections (1)-(5) of Rule 60. It may be applied only in "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

## II.   Analysis

Fed. R. Civ. P. 56(c)(2) states that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  "[O]nce an objection is properly made, the proponent must 'show that the material is admissible as presented or . . . explain the admissible form that is anticipated.'" *Mangum v. Repp*, 674 Fed. Appx. 531, 536-37 (6th Cir. 2017) (citing Fed R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

Fed. R. Civ. P. 56(e) states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order."

In their motion for summary judgment, defendants argued that the AT&T records plaintiff provided were "woefully short of admissible evidence."  (Dkt. 37 at 32.)  Plaintiff provided the records in her response,

and they did not contain a certification from a representative of AT&T as required by Fed. R. Evid. 803(6)(D) to show that business record are admissible. (Dkt. 42-2.) In their reply, defendants argued at length that the records were inadmissible. (Dkt. 43 at 6-7.)

At oral argument on October 5, 2017, the Court asked plaintiff's counsel how plaintiff would authenticate the AT&T records, and plaintiff's counsel first stated that plaintiff could authenticate the records (Dkt. 47 at 16-17, 19-20), then appeared to confuse the documents provided in response to the motion for summary judgment with the cellular billing records she provided in response to defendants' motion to dismiss. (*Id*. at 17-18.) Plaintiff also argued that she was not required to respond to the objection, because it was raised for the first time in defendant's reply brief. (*Id*. at 20-21, 27.) Only after repeated questioning did plaintiff's counsel state that "[w]hat we would do [to make these records admissible] is simply get an affidavit from somebody at AT&T that their records are accurate." (*Id*. at 22.)

On October 6, 2017, plaintiff filed a motion for leave to file a corrected version of the records containing the affidavit certifying the AT&T records as business records. (Dkt. 46.) Plaintiff stated that the

5

reason she did not provide the affidavit, which she received on March 16, 2017, is because her counsel overlooked it. (Dkt. 46 at 2.) The parties agreed in their briefing that the applicable rule was Fed. R. Civ. P. 6(c)(2), governing the filing of affidavits support or opposing a motion. The Court denied the motion, because plaintiff failed to show good cause for the late-filed affidavit, and granted defendants' motion for summary judgment. (Dkts. 52 and 53.)

Plaintiff now argues the following in her motion under Rules 59(e) and 60(b): (1) she attached a different document, her cell phone billing records, to her response to defendants' prior motion to dismiss, and the Court should have considered those records; (2) the Court erred by treating plaintiff's motion to amend her phone records as a motion for extension of time; (3) the affidavit was not required at all by Rule 56(c), because a party does not have to provide admissible evidence until the opposing party objects; (4) Rule 56(e) requires that a party be allowed to submit late-filed affidavits; (5) plaintiff met her burden under Rule 56(c) of showing the records were admissible at trial; and (6) the records were admissible because they were either self-authenticating under Fed. R. Evid. 902(7) or because the records were not hearsay. In her reply in

support of this motion, plaintiff notes for the first time that during oral argument on the motion for summary judgment, her counsel stated that plaintiff could obtain an affidavit authenticating her phone records. (Dkt. 62 at 2.)

### A. Plaintiff Did Not Reference or Direct the Court to the Billing Records Attached to the Response to the Motion to Dismiss

The cell phone billing records plaintiff provided in response to defendants' motion to dismiss (Dkt. 27) were not referenced in her response to defendants' motion for summary judgment. The Court has no duty to scour the record to find factual support for a party's claims. *Magnum Towing & Recovery v. City of Toledo,* 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support of its arguments before the court.") Further, it is not the Court's duty to search through the record attached to a *different filing altogether*.

### B. The Court Did Not Err in Denying Plaintiffs' Motion to File the Untimely Affidavit

Plaintiff argues that the Court erred by applying Fed. R. Civ. P. 6(c)(2) to her motion for leave to file the affidavit of the custodian of AT&T's business records. Plaintiff argues instead that "Federal Rule 56 was amended in 2010 to eliminate the affidavit requirement to authenticate records." (Dkt. 57 at 20.)

Plaintiff's argument rests on the 2010 amendments to Fed. R. Civ. P. 56(c) and the corresponding committee notes. In relevant part, the notes state that: "The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." Fed. R. Civ. P. 56(c)(4) advisory committee's note to 2010 amendment. Rule 56(c)(4) states that "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

There is no reasonable way to read Rule 56(c) in the manner plaintiff wishes. First, the rule has nothing to do with whether affidavits

are required to authenticate records. It concerns the content required in an affidavit or declaration used in support of a motion. The advisory note concerns *documents attached to an affidavit or declaration*, not affidavits or declarations attached to documents. (It should be noted that the advisory note also states that such documents are still required, just by Rule (c)(1)(A) rather than Rule (c)(4).) Second, the Federal Rules of Evidence create requirements that business records be supported by an affidavit or declaration, not the Federal Rules of Civil Procedure. Third, if the Advisory Committee on Rules intended for Fed. R. Civ. P. 56 to abolish the requirements of Fed. R. Civ. P. 6(c) with regard to motions for summary judgment, the Committee would have said so.

Plaintiff also argues Rules 56(c) and (e) require that "a party must be permitted an opportunity to respond to evidentiary objections with an affidavit or other evidence." (Dkt. 57 at 21.) In support of this, plaintiff cites *Foreword Magazine, Inc. v. Overdrive, Inc.*, Case No. 10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. 2011), which states that "[t]he revised Rule therefore clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent 'an opportunity to

properly support or address the fact,' if the court finds the objection meritorious."

Plaintiff had two opportunities to address defendants' objections: first in her response to the motion to dismiss, and then at oral argument. Plaintiff also could have sought leave to file a surreply, which would have been given. Plaintiff's responses to defendants' objections are set forth above. In accordance with Rule 56(e)(1), plaintiff was given "an opportunity to properly support or address the fact." As noted below, plaintiff did explain how she could make the AT&T records admissible at trial, but that is not relevant to her effort to file the untimely affidavit.

It should also be noted that Rule 56(e)(1) is permissive, not mandatory, in that it states options "the court may" take, not options the Court must take. The Court did not err in denying the motion to file the untimely affidavit.

### C. Plaintiff Was Required to Provide Either Admissible Evidence or Evidence She Could Show Would Be Admissible at Trial in Response to the Motion for Summary Judgment

The Court cannot consider evidence at summary judgment that a jury could not consider at trial. *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836

F.3d 672, 681 (6th Cir. 2016). Plaintiff argues that, based on her reading of the advisory notes to the 2010 amendment to Rule 56, she was not required to provide admissible evidence.

However, the advisory notes and Rule 56 do not remove the need for parties to authenticate evidence under the Federal Rules of Evidence. Further, as plaintiff herself noted, "the party proffering a piece of evidence must show, or it must be 'obvious,' that the evidence 'can be replaced by proper evidence at trial.'" *Hill v. Walker*, Case No. 13-cv-13097, 2015 WL 5211919, at *11 (E.D. Mich. Aug. 31, 2015) (quoting *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir. 1997)).

### D. Rule 56(e) Does Not Mandate That the Court Grant Leave to File Untimely Affidavits

Plaintiff argues that she was never required to submit the affidavit from the custodian of AT&T's records, but to the extent she was, she was only required to do so to rebut defendants' objection, and so the Court was required to permit the filing of the affidavit. As previously noted, the Court was not required to do so, and had already given plaintiff the opportunity to demonstrate how the records would have been admissible at trial.

### E. The Argument That the AT&T Records Are Otherwise Admissible Should Have Been Made Before Judgment Was Entered

For the first time, plaintiff argues that the AT&T records are admissible as self-authenticating records, because they bear AT&T's trade inscription. Fed. R. Evid. 902(7). Plaintiff also argues that the phone records are not hearsay, because they are not being offered to show the content of the text messages, but rather to "demonstrate the number of text messages exchanged between Plaintiff and Defendants." (Dkt. 57 at 28.)

Under Rule 59(e), the Court cannot consider arguments that could have been made before judgment was entered, but were not. Both of these arguments were available to plaintiff before the Court entered judgment, and could have been asserted. Parties may not make new legal arguments in Rule 60(b) motions. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 318, 386 (6th Cir. 2001).

Notably, the phone records are clearly hearsay. Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The AT&T records set forth the sender and recipient of each text message sent to

and from plaintiff's phone on the relevant dates. The records are being offered for the truth of the matter they assert: that on the dates in question, defendants sent a particular number of text messages to plaintiff, and plaintiff did or did not respond.

Finally, whether the records are authenticated under Fed. R. Evid. 902(7), plaintiff must still show that the hearsay statements in the records are admissible. *See* 31 Wright & Miller, Fed. Prac. & Proc. Evid. § 7134 (1st ed.) ("Even if the authentication requirement is satisfied, however, the item is not necessarily admissible.").

### F. Plaintiff's Counsel Referenced A Manner of Presenting the Phone Records in An Admissible Form At Oral Argument

Plaintiff, pursuant to Fed. R. Civ. P. 56(e), was given an opportunity to address defendants' properly waged objections to the admissibility of her evidence. As set forth above, plaintiff's counsel has continually insisted that the evidence attached to her response to the motion for summary judgment was either admissible on grounds inapplicable to the evidence, or did not need to be admissible at all. These arguments are wrong.

However, in plaintiff's reply brief to this motion, she noted the following exchange during the hearing on the motion for summary judgment:

> THE COURT: . . . [T]hey make their motion for summary judgment, then you come back and tell us what the material question of fact is and how you're going to show. How is a rational jury going to come out in your favor? And then in the reply brief, they tie it all up and say that doesn't work.
>
> MR. OPPENHEIM: Right. But this wasn't the first set of briefing on this issue or these records. If you'll recall, first there was a motion to dismiss.
>
> THE COURT: I do recall.
>
> MR. OPPENHEIM: And then these same records were in our response then. And we didn't have any of this argument at that point and we went forward. We had the depositions that were ordered. And now we've still got this discrepancy in the two sets of records. Ultimately I think it would be a disservice to decide this motion in the case based on this late arising argument when, in fact -- and I guess this would [be] my answer to your Honor's prior question. What we would do is simply get an affidavit from somebody at AT&T that their records are accurate.

(Dkt. 47 at 21-22.)

At the point where defendants objected to plaintiff's ability to provide admissible evidence in support of her version of the facts under

Fed. R. Civ. P. 56(c)(2), it was incumbent on plaintiff to demonstrate how she could provide evidence that a jury could consider. Although plaintiff has not made this argument, her offer to obtain the affidavit that would make the evidence admissible overcomes defendants' Rule 56(c)(2) objection, because she offered to obtain the affidavit that would make the records admissible under Fed. R. Evid. 803(6).

Accordingly, the Rule 56(c)(2) objection is overruled, relief is warranted under Fed. R. Civ. P. 59(e), and the Court may consider the AT&T phone records.

### G. Summary Judgment

Because the Court may consider plaintiff's phone records, the Court must determine whether those records create a genuine issue of material fact precluding a grant of summary judgment to defendants on plaintiff's TCPA claim. The Court will adopt the factual background from the order granting summary judgment. (Dkt. 53 at 2-6.)

On December 4, 2015, defendants had a promotional page on the Abercrombie Kids website that read:

> we've got something for you
> text **style**
> to **34824**
> for a surprise offer and a&f texts*

> *Msg & Data Rates May Apply.  By texting the key word to 34824, you consent to receive up to ten (10) marketing text messages per calendar month that may be sent via an automated system.  Consent to receive texts at the mobile number provided is not a condition of purchasing goods or services.  Text or reply **STOP** to cancel, and **HELP** for help.
> See <u>TEXT TERMS & PRIVACY POLICY</u>

(Dkt. 37-4 at 15 (emphasis and capitalization in original).)

Plaintiff's phone records, which are now admissible, show that she sent one text message to the shortcode defendants provided, 34824, on December 4, 2015, at 1:34:20 P.M. Eastern Standard Time ("EST"), and that defendants responded six seconds later, at 1:34:26 P.M. EST.  (Dkt. 42-2 at 2.)  Plaintiff's records show no further text messages between the parties that day.  Plaintiff provides no evidence demonstrating the content of any text message she sent to or received from defendants in December 2015, because she does not have the telephone she was using at the time, and she did not save the data from that telephone.

Defendants' records show that they received a text message from plaintiff's phone number, which said "Style," at 1:34:21 P.M. EST.  (Dkt. 38 at 2.)  The records show that defendants sent a response message back at 1:34:26 P.M. EST, asking plaintiff to reply "YES" to confirm that she

agreed to receive marketing texts via an automated system. (*Id*.) The records then state that at 1:34:34 P.M. EST, the word "Yes" was sent from plaintiff's phone number to defendants. (*Id*.) Finally, defendants' records show that they sent a message confirming that plaintiff's phone number had signed up to receive marketing texts. (*Id*.) Both sets of records show that during April 2016, plaintiff received four text messages from defendants that were not prompted by any additional communication from plaintiff.

Neither plaintiff nor defendants have demonstrated a reason to doubt the veracity of either set of records. Plaintiff argues that cellular service provider records are inherently more accurate than defendants' marketing communications database, but she offers no reason why that is so. Further, even if her provider records are likely to be more accurate than defendants' records, that likelihood does not actually show that the content of defendants' records are inaccurate. A reasonable jury could determine from these records that plaintiff only sent and received the first and second text messages, and did not send the third text message explicitly consenting to receive marketing texts from defendants. Accordingly, the Court must determine whether a reasonable jury could

determine that the first two text messages ("Style" and "reply YES") did not constitute prior express written consent within the meaning of the TCPA.

The TCPA bars any call, including a text message:

> [T]hat includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party.

47 C.F.R. § 64.1200(a)(2); *see also Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015) (noting that the Federal Communications Commission has determined that the TCPA encompasses text messages to wireless numbers). Prior express written consent "means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

Defendants argue that the promotion on the Abercrombie Kids website disclosed that plaintiff's initial text of the keyword "Style" would constitute consent to receive up to ten marketing text messages per month. (Dkt. 37 at 28-29.) Under defendants' theory, plaintiff is assumed to have read the disclosures on the website and consented to receive future text messages based on her single text message to defendants.

The Federal Communications Commission ("FCC") addressed this issue in 2015. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C.R. 7961 (July 10, 2015). In interpreting the TCPA, the FCC found that "a one-time text message sent immediately after a consumer's request for the text does not violate the TCPA and our rules." *Id*. at 8015. However, the FCC also found that when businesses made the "disclosures required by the Commission's rules concerning prior express written consent for autodialed or prerecorded telemarketing calls" on a promotional webpage, a business was permitted to send only "a single on-demand text in response to a consumer's request." *Id*. at 8016 n.363. "If the business sends more than a single text as a response to the consumer, however,

our rules require prior express written consent with the specified disclosures." *Id*.

It is clear from the FCC's ruling that a customer who sends a text message seeking information from a business has asked to receive a single on-demand text message in response. If the business wishes to send additional text messages, it is required to provide the necessary disclosures and receive prior express written consent *after* the initial request is sent, and cannot rely on disclosures housed on the promotional website that prompted the initial request. And because the Court must defer to a "permissible construction" of a statute by an administrative agency entrusted with implementing the law so long as it is not "arbitrary, capricious, or manifestly contrary to the statute," this ruling guides the Court's analysis. *Chevron v. Nat. Res. Defense Council, Inc.*, 467 U.S. 837, 843-44 (1984).

In the light most favorable to the plaintiff, there is a genuine issue of material fact as to whether she gave her prior express written consent in December 2015 to receive text messages in April 2016. She has provided evidence that shows she may have only sent and received the "Style" and "reply YES" text messages in December 2015. Alone, those

text messages are insufficient to show that defendants made the necessary disclosures to plaintiff regarding transmission of future marketing text messages, or that plaintiff gave her prior express written consent to receive future marketing text messages from defendants.

Accordingly, summary judgment is denied to defendants on plaintiff's TCPA claim.

## III. Conclusion

For the reasons set forth above, it is hereby ordered that:

Plaintiff's motion for reconsideration, to alter or amend the judgment, and for relief from judgment (Dkt. 57) is GRANTED under Rule 59(e);

The entry of summary judgment in defendants' favor (Dkt. 53) is VACATED; and

This case is REOPENED.

IT IS SO ORDERED.

Dated: March 14, 2018　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager