IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MELISSA N. THOMAS, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., and JOHN DOES 1-12,<br><br>Defendants. | No. 16-cv-11467-JEL-MKM<br><br>Hon. Judith E. Levy<br><br>Mag. Judge Mona K. Majzoub<br><br>CLASS ACTION |

PLAINTIFF'S BRIEF IN SUPPORT OF
LIMITED DISCOVERY OR FOR ALTERNATIVE
PROCEDURES TO PRESERVE T-MOBILE RECORDS

Pursuant to a stipulation of the Plaintiff and Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores (collectively, "Defendant") and order of the Court, this action is "stayed pending the FCC's decision on CG Docket Nos. 18-152 and 02-278" regarding the scope and meaning of certain key provisions of the Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. § 227 et seq., in the wake of *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018) ("*ACA Int'l*"). *See* Stipulated Order Granting Defs.' Mot. to Stay, ECF 71 ¶ 1– 2. In the interim, the parties have requested the Court's "guidance as to

1

the propriety of limited discovery during the pendency of the stay." *Id.* ¶ 3.

Plaintiff communicated with the major phone carriers to assess each carrier's records retention policies. There is one carrier for whom records are in danger of being lost during the stay. T-Mobile reported that its "retention policies differ between its prepaid account customers and its monthly accountholders." ECF 73. For its prepaid account customers, the retention period is two years, and thus has expired to the April 2016 text messages at issue. *Id.* In contrast, records for T-Mobile's monthly accountholders are held "for the life of the account." *Id.* When a T-Mobile monthly accountholder discontinues service, T-Mobile will discontinue the retention of the account records. A T-Mobile monthly accountholder could discontinue service during the stay.

Plaintiff's discovery request is limited to the T-Mobile records of putative class members. Because these records are presently available and can disappear at any time, Plaintiff believes Defendant should turn over its records of the text numbers to which it sent the text messages at issue, identifying which ones are the T-Mobile customers. Defendant should also turn over any short codes used to send or receive the text

messages. Two short codes have already been identified in the complaint: 23543[1] and 25615[2] for Defendant's text message program. ECF 5. Plaintiff will then subpoena select records from T-Mobile to confirm those records show the same thing that Plaintiff's records show—that Defendant's records of "consent" obtained by its former third-party aggregator are wholly unreliable and useless.

Plaintiff understands from T-Mobile that, like with Plaintiff's records, the class member records in question do not contain the content of text messages. Rather, the records will show the destination of outgoing texts and the origination of incoming texts. As such, there is little privacy concern here, particularly if the records are covered by a protective order. In the alternative, Plaintiff requests that Defendant still be ordered to turn over the list of numbers to whom it sent the text messages in question and that Plaintiff be allowed to send a records preservation subpoena to T-Mobile to retain the records of its monthly accountholders on the list from April 2016 to present.

---

[1]    a&f kids: We have a new program! Text JOIN to 23543 to get an awesome surprise offer & to receive kids texts! See new Terms: http://bit.ly/kidsTs STOP to cancel. ECF 5, Page ID 38 ¶ 26.

[2]    buy 5+ items, get 30% off! code: 25615. ECF 5, Page ID 40 ¶ 35.

3

# DISCUSSION

I. **Defendant has not met its burden to impose a blanket stay that may result in prejudice to Plaintiff.**

A stay of discovery is generally disfavored, but is generally a matter of court discretion. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005). *Hogan v. Cleveland Ave Rest., Inc.*, Case No. 2:15-cv-2883, 2017 WL 5005422, at *2 (S.D. Ohio Nov. 1, 2017). Nevertheless, the party requesting a stay bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). Plaintiff's agreement to the stay was conditioned on the right to such limited discovery as necessary to preserve relevant evidence. Defendant cannot show that the need for a complete stay of discovery overrides Plaintiff's interest in retrieving or preserving limited records from T-Mobile that the third-party phone carrier may not otherwise retain unless it is put on notice of this litigation.

II. **Plaintiff's discovery request is limited to text message records of T-Mobile monthly accountholders that were sent a text message by Defendant in April 2016.**

Plaintiff is concerned that any further delay in seeking T-Mobile records will prejudice Plaintiff and the class, increasing the likelihood that the records will disappear by the time the stay is lifted. Indeed, records from many other carriers are believed to already be gone. There is also no burden on Defendant to outweigh the potential prejudice to Plaintiff if the records are no longer available in the future. Defendant would simply need to turn over a list and short codes already in its possession.

Plaintiff's proposal is designed to preserve records of T-Mobile monthly subscribers, prone to discontinuing their month-to-month service during the pendency of the stay.[3] *See Koncelik v. Savient Pharm., Inc.*, No. 08 cv 10262, 2009 WL 2448029, at *1 (S.D.N.Y. Aug. 10, 2009) (lifting the discovery stay to permit plaintiff to serve document preservation subpoenas on third-party companies that may possess relevant information).

---

[3] As T-Mobile no longer retains records of its prepaid accountholders after two years, Plaintiff's requests are limited in scope to accountholders that utilize T-Mobile's month-to-month phone service.

5

Without a subpoena, T-Mobile is free to destroy the information. This is enough to warrant lifting the stay for Plaintiff to advise T-Mobile of the litigation.

> The only thing that is certain is that without preservation subpoenas, the third party corporations in possession of potentially relevant information are free to destroy that information. As the applicable case law makes clear, plaintiff need not show that loss of the information he seeks would result in irreparable harm, but only that subjecting him to such loss constitutes improper or unfair treatment.

*Koncelik*, 2009 WL 2448029, at \*2.

T-Mobile lacks actual knowledge of the litigation and its records would be deleted, expunged, archived, or otherwise disposed of under T-Mobile's internal records retention policy. "It may be necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by 'performing routine backup procedures.'" *In re Nat'l Century Fin.*, 347 F. Supp. 2d 538, 542 (E.D.Ohio 2004) (quotation omitted).

Partially lifting the stay for this purpose avoids undue prejudice to Plaintiff from the potential loss of evidence, which is currently out of Plaintiff's control. *In re Smith Barney Transfer Agent Litig.*, No. 05 CIV

6

7583, 2012 WL 1438241, at *3 (S.D.N.Y. Apr. 25, 2012) (partially lifting PSLRA stay to allow service of preservation subpoena on third party because the "status as a non-party significantly increases the risk that evidence may be lost").

III. **Defendant's objections do not warrant restricting the proposed limited discovery of T-Mobile documents during the stay.**

Addressing Defendant's objections as discussed in the parties' meet and confer and October 5, 2018 Joint Status Report (ECF 74), this limited discovery and limited steps for preservation of documents should take place without waiting for the FCC ruling what equipment constitutes an ATDS in light of *ACA Int'l* decision.

First, there is no reason to wait until the stay is over. There is no burden on Defendant under this proposal, as it would simply need to turn over a list and short codes that Plaintiff understands is already in the possession of Defendant's counsel. From there, Plaintiff would pursue third-party subpoenas.

Second, Defendant's privacy concerns are misplaced and premature. To the extent the carrier has privacy concerns, the Court can address them at the appropriate time. It is unclear what Defendant's standing is to speak for putative members of the class

7

against it. Moreover, Plaintiff is willing to agree that any material received from a subpoena can be subject to a protective order and be filed, if at all, under seal. Finally, as the Court is aware from Plaintiff's records, the records at issue do not include content of text message, just ingoing and outgoing telephone numbers or codes. As such, the privacy interest is minimal. Further, any privacy concern found to predominate is nullified by Plaintiff's alternative request that T-Mobile preserve records during the pendency of the stay.

Third, Defendant's records regarding consent have shown to be unreliable. The entire point of the discovery exercise is to see whether that is a uniform issue. To argue that Defendant's unreliable records create a threshold for third-party discovery is antithetical to the open nature of the discovery process. Further, Defendant appears to construe the proposed class as a fail-safe class in that persons who provided consent are not class members. Not so. The class is all persons to whom Defendant sent text messages. That Defendant might raise a merits

defense as to some or all of those persons does not remove them from the class or make discovery as to them on that defense inappropriate.[4]

Fourth, whether or not the T-Mobile numbers in Defendant's records are in fact monthly accountholders is irrelevant. As noted above, T-Mobile will only have April 2016 records for its monthly accountholders. As such, Plaintiff will subpoena those records for T-Mobile customers on the class list and expects that T-Mobile will not have records for some, *i.e.* the prepaid accountholders. Either way, all of these persons are in the class. Plaintiff's request is sufficiently narrow. Defendant's identification of T-Mobile numbers sent a text message and short codes used will provide the information for the subpoena.

Finally, the need for these telephone records has increased as the odds that Defendant's argument that its equipment is not covered as an "autodialer" under the TCPA will resolve in its favor have fallen. *See Marks v. Crunch San Diego, LLC,* 904 F.3d 1041, 1053 (9th Cir. 2018), *rehearing denied en banc*, 14-cv-00348 (Oct. 30, 2018) ("'automatic

---

[4] Defendant's suggestion that Plaintiff's request be limited to persons that have contacted Plaintiff or her counsel is bizarre and antithetical to Rule 23. Absent class members are free to rely on the efforts of the class representative and class counsel and need not take individual action to pursue their claims.

9

telephone dialing system' means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator— and to dial such numbers automatically (even if the system must be turned on or triggered by a person)."); *Keifer v. HOSOPO Corp.*, Case No. 18 cv 1353, 2018 WL 5295011, at *4 (S.D. Cal. Oct. 25, 2018) ("appl[ying] the definition of an ATDS set forth in *Marks*, and by drawing on the Court's judicial experience and common sense…finds it is reasonable to infer that the equipment HOSOPO used was an ATDS….").

It is far from clear that the ATDS issue will resolve in Defendant's favor to impose a discovery stay that could affect even the mere preservation of evidence by a third-party phone carrier. *See Hogan v. Cleveland Ave Rest., Inc.*, No. 2:15-CV-2883, 2017 WL 5005422, at *3 (S.D. Ohio Nov. 1, 2017) ("The Court simply cannot say that it is 'clear-cut' that Plaintiff failed to plead proper claims…such that Defendants have demonstrated sufficient grounds for a stay of discovery."). In sum, there is no reason to deny Plaintiff the limited discovery sought, and certainly there is no reason that outweighs the potential prejudice from loss of the evidence.

## CONCLUSION

Defendant should turn over its records of the phone numbers of T-Mobile customers to which it sent the text messages at issue and any short codes, including the two identified in the complaint and any others. With this information, Plaintiff intends to subpoena T-Mobile with a narrow and targeted request to produce records of text messages sent to and from those short codes from April through the present, or at the very least to preserve such records. Plaintiff's discovery is sufficiently limited in time and scope and should be allowed.

Dated: November 2, 2018          Respectfully submitted,

By: /s/ David M. Oppenheim
*One of Plaintiff's attorneys*

Mark K. Wasvary
Mark K. Wasvary, P.C.
2401 W. Big Beaver Rd., Ste. 100
Troy, MI 48084
Telephone: 248-649-5667

Phillip A. Bock
David M. Oppenheim
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555

11

## CERTIFICATION

I, David M. Oppenheim, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (proportional fonts). I certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ David M. Oppenheim

## CERTIFICATE OF SERVICE

  I hereby certify that on November 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

               /s/David M. Oppenheim