# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MELISSA N. THOMAS, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., and JOHN DOES 1-12,<br><br>　　　　　Defendants. | )<br>)<br>)<br>) No. 16-cv-11467-JEL-MKM<br>)<br>) Hon. Judith E. Levy<br>)<br>) Mag. Judge Mona K. Majzoub<br>)<br>) CLASS ACTION<br>)<br>)<br>) |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
## LIMITED DISCOVERY OF T-MOBILE RECORDS

### I.   Plaintiff's requested discovery consists of two simple stages.

Plaintiff's limited discovery request is concerned with the destination of outgoing texts and the origination of incoming texts between Defendant and T-Mobile monthly account holders. Most of the information would be obtained from Defendant and Plaintiff seeks only phone records from T-Mobile.

First, Plaintiff asks Defendant to produce the phone numbers that it sent the text messages at issue and identify which are T-Mobile numbers. Defendant can provide this information and has not shown otherwise. Second, Plaintiff will send a records subpoena to T-Mobile for these phone numbers, limited to records after

1

April 2016. The information is vital to verify Defendant's records, which have shown to differ from phone carrier records.

Plaintiff also asks Defendant to provide the short codes for the text messages (or Defendant may confirm if there are additional short codes to those alleged in the complaint). Plaintiff may arrange for a forensic review of the phone records using these short codes. This type of discovery is not burdensome, but typical of TCPA class actions as discussed below. Moreover, the Court is familiar with review of these short codes from inspection of Plaintiff's own phone records.

Concerning Defendant's argument that Plaintiff's request does not fall within the "carve out" in the Stipulated Order, this position is only indicative of Defendant's lack of candor to the tribunal as the stipulation was agreed to by Plaintiff with that understanding. *See* ECF 76, Page ID 16. The T-Mobile records subpoena also falls within the language of the Order.

II.  **The requested discovery is common in TCPA class actions and comports to the class as currently defined.**

Defendant's attempt to stonewall Plaintiff's discovery request is wrought with hand-waving and cries of a "fishing expedition." Plaintiff's request is within the scope permitted by Fed. Rule Civ. P. 26. "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (citing *Mellon v. Cooper–Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir.1970)). The documents could be lost

without discovery now and Plaintiff's request promotes the "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir.2000) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir.1998)). Defendant provides a "thin basis" to avoid the discovery where discovery privileges should be "construed broadly." *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In *Taylor v. Universal Auto Grp. I, Inc.*, Case no. 14-MC-50, 2015 WL 1810316, at *6 (S.D. Ohio Apr. 17, 2015), a TCPA class action, the defendant made nearly all the same arguments as Defendant in objection to a subpoena for a list of telephone numbers from a third-party (*i.e.* disclosure of private and confidential information, documents are irrelevant, compliance is burdensome). The court concluded that Plaintiff was entitled to the discovery, that it was common in TCPA class discovery, and that any outstanding privacy concerns can be addressed by a protective order. *Id.* The request was also not burdensome. *Id.*

The discovery comports with Plaintiff's class definition. Here, the class is defined as: "All persons who received one or more unsolicited text messages in 2016 from Abercrombie & Fitch." *See* FAC, ECF 5, Page ID 40. "Consent" is not a part of the class definition and Defendant has not formally challenged Plaintiff's class definition. As far as Plaintiff is concerned, she did not consent to Defendant's text message program and doubts anyone else did, either. The proposed limited

discovery goes straight to that issue. The information requested comports to the class as it is currently defined. *Id. See also Kane v. Nat'l Action Fin. Servs., Inc.,* Case no. 11–11505, 2012 WL 1658643, at *7 (E.D.Mich. May 11, 2012) (quoting *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D.Cal. 2011) ("This information is both relevant to Plaintiff's class action claims—to determine those other individuals whom NAFS may have contacted improperly-and such disclosure is 'a common practice in the class action context.'"). Any T-Mobile customer that received the subject text messages is a potential class member and Plaintiff may request records of the parties that Defendant texted. *Id.*

At this stage, Plaintiff's discovery need not only relate to definitive class members. *See Progressive Health & Rehab Corp. v. Quinn Med., Inc.,* 323 F.R.D. 242, 247 (S.D. Ohio 2017). Even in Defendant's case of *Alexander v. Caraustar Indus., Inc.*, No. 11 C 1007, 2011 WL 2550830, at *3 (N.D. Ill. June 27, 2011), the court recognized that a plaintiff has a "light burden" to allege that putative class members are victims of similar conduct and after discovery the court re-evaluates certification under a more rigorous standard.

### III. Defendant's equipment will likely be ruled an autodialer.

Defendant presupposes how the FCC will rule, but the FCC ruling should not affect whether Defendant's equipment is an ATDS. The TCPA defines an "automatic telephone dialing system" (ATDS, or autodialer) as "equipment which

4

has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator— and to dial such numbers automatically. 47 U.S.C. § 227 (a)(1). The system is an ATDS if it has the "capacity" to store and dial random sequential numbers, "even if the system must be turned on or triggered by a person." *Marks v. Crunch San Diego, LLC*, Case No. 14-56834, -- F.3d --, 2018 WL 4495553 (9th Cir. Sept. 20, 2018).

Following *ACA Int'l*, the FCC has been tasked with narrowing the definition of "capacity." However, *ACA Int'l* did not alter the FCC ruling that the "basic function of an autodialer is the ability to dial numbers without human intervention." *ACA Int'l v. Fed. Commc'ns Comm'n,* 885 F.3d 687, 703 (D.C. Cir. 2018) (quotes omitted) (quoting *In re Rules and Regulations Implementing the Telephone Consumer Protection Act* of 1991 (2015 Declaratory Ruling), 30 FCC Rcd. 7961, 7973 ¶ 14; 7975 ¶ 17)). The *ACA Int'l* court's conclusion was that it could not sustain "that a call made with a device having the capacity to function as an autodialer can violate the statute even if autodialer features are not used to make the call." *Id.* at 695. And the *Marks* Court was able to resolve the issue without further guidance.

Moreover, the use of short codes here indicates autodialer features were used. The case of *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1031 (N.D. Cal. 2017) was decided under the prior FCC definition, but its reasoning is still sound:

5

"where a plaintiff alleges that the offending messages were sent via an SMS short code registered to the defendant, courts may draw support for the inference that an ATDS was used." *Id.* Short codes indicate a lack of human intervention. *Id.*

IV. **The balance of hardship and inequity favors limited discovery of T-Mobile records and Defendant did not meet its burden.**

Defendant's brief completely ignores that it bears the burden for a stay. This alone supports granting Plaintiff's request. *See Ohio Envtl. Council*, 565 F.2d at 396. *See also Landis v. North American Company*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936) ("The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."). Defendant has not shown the requisite hardship or inequity.

V. **Defendant's other arguments fail.**

    A. **California Public Utilities Code § 2891 is preempted by Rule 45.**

Defendant cites cases that involve California Public Utilities Code § 2891. This case is brought under a federal statute and Rule 45 preempts Cal. Pub. Util. Code § 2891. *Spiegel v. Engagetel*, No. 15 C 1809, 2015 WL 8986932, at *2 (N.D. Ill. Dec. 16, 2015) ("[T]o the extent that Section 2891 provides an evidentiary privacy privilege, such a privilege is not recognized under federal law, and Verizon is required to produce the information sought in the subpoena pursuant to Rule 45."). Telephone providers must respond to Rule 45 subpoenas in TCPA cases. *Id.*

(given Supreme Court precedent, cases such as *Birchmeier* that apply Cal. Pub. Util. Code § 2891 to restrict Rule 45 subpoena power are incorrect).

### B. It is not enough to rely upon class member records.

Contrary to Defendant's assertion, the parties cannot rely on monthly accountholders to retain their own phone records. Even Plaintiff acquired her records by way of subpoena. Defendant cites to *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.,* 863 F.3d 460 (6th Cir. 2017) to support that without records Plaintiff cannot sustain a class action, but that opinion does not relate to a discovery dispute. Rather, the lack of reliable discovery was detrimental to class certification, which Plaintiff here seeks to avoid. *Id.* at 473. Plaintiff should be permitted to issue the subpoena under the scope of the discovery rules.

### C. Plaintiff's lack of jurisdiction argument is irrelevant and premature.

Finally, Defendant's argument that the Court lacks personal jurisdiction over T-Mobile as a third party is putting the cart before the horse. That should not affect whether to grant Plaintiff's request to issue a subpoena. "District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

Dated: December 14, 2018    Respectfully submitted,

By: /s/ David M. Oppenheim
*One of Plaintiff's attorneys*

7

## **CERTIFICATION**

I, David M. Oppenheim, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (proportional fonts). I certify that it is the appropriate length. Local Rule 7.1(d)(3).

/s/ David M. Oppenheim

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/David M. Oppenheim